RAJAY CORPORATION, Plaintiff-Appellant,

v.

The TEXSTAR CORPORATION, Defendant-Appellee.

No. 30673.

United States Court of Appeals, Fifth Circuit.

March 31, 1971.

Gerald W. Moss, William H. Cooper, Ben T. Warder, Jr., Carter, Gallagher, Jones & Magee, Dallas, Tex., for appellant.

J. Burleson Smith, San Antonio, Tex., John L. Hauer, Dallas, Tex., Cox, Smith, Smith, Hale & Guenther, San Antonio, Tex., Walker, Bishop & Larimore, Fort Worth, Tex., Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for appellee.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

By contract dated November 1, 1968, defendant-appellee Texstar Corporation (Texstar) purchased substantially all of the assets of plaintiff-appellant Rajay Corporation (Rajay). Under the contract Texstar paid to Rajay $610,837.00 in cash upon closing. The contract called for an additional payment to Rajay a year later of:

"a sum equal to 2.5 times the amount, if any, by which the annualized adjusted pre-tax net earnings to be derived from the Assets for the period November 25, 1968 to September 30, 1969, exceeds the adjusted pre-tax net earnings of Rajay for the year ended September 30, 1968".

The parties disagreed over the additional amount due Rajay under this formula and Rajay filed suit. The lower court entered judgment June 24, 1970 on a verdict requiring Texstar to pay Rajay an additional $250,830.08, and giving Texstar the option provided under the contract of paying this amount in stock rather than cash.

Rajay appeals vigorously asserting error on the part of the trial court in several particulars, including violation of the parole or extrinsic evidence rule in the admission of an accountant's computation (Defendant's Exhibit 1) of the amount due under the contract, an erroneous instruction with respect to said exhibit, restriction of Rajay's cross-examination of Texstar's vice-president and principal witness Osborne, the submission of two special interrogatories as being without evidentiary support, and providing for payment of the judgment in shares of stock in lieu of cash.

We have given careful consideration to each of these contentions earnestly advanced and strenuously argued on appeal, after thorough study of applicable portions of the record. We do not find prejudicial error demonstrated, but rather that the case was fairly tried, under appropriate instructions to a just verdict. The judgment below was correct. It is

Affirmed.